UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-14303-MOORE/MCCABE

LOVEY LOVE,

    Plaintiff,

vs.

ALLSTATE INSURANCE COMPANY,

    Defendant.

_____/

## REPORT & RECOMMENDATION

THIS CAUSE comes before the Court upon Plaintiff's *pro se* Application to Proceed *In Forma Pauperis* ("Motion") (DE 3), which was referred to the undersigned by United States District Judge K. Michael Moore (DE 6). For the reasons set forth below, the undersigned respectfully **RECOMMENDS** that the Motion (DE 3) be **DENIED** and that Plaintiff's complaint (DE 1) be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.    BACKGROUND**

This is a negligence case arising from an automobile accident. The complaint alleges that on December 24, 2020, Plaintiff was involved in an automobile accident with another car driven by Dawn K. Stellatto (DE 1 ¶¶ 5-8). The complaint alleges that Stellatto's negligence caused the accident and that Plaintiff suffered personal injuries as a proximate result (DE 1 ¶ 12). The complaint does not name Stellato, however, as a defendant in the case. Instead, the complaint names Allstate Insurance Company ("Allstate") as a defendant, because Allstate allegedly insured Stellato (DE 1 ¶ 10).

Plaintiff previously filed another case in this court, attempting to sue both Stellato and Allstate. *See Love v. Allstate Insurance Company, et al.,* No. 22-cv-14299 (S.D. Fla. 2022). United States District Judge Jose E. Martinez dismissed that case in the context of an *in forma pauperis* motion, on the grounds that Plaintiff failed to show complete diversity of citizenship for purposes of 28 U.S.C. § 1332. *Id.* at DE 5. Plaintiff now apparently seeks to drop Stellatto and try again solely as to Allstate. As stated below, however, this case cannot proceed as pled.

## II.  DISCUSSION

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis*). The Court's decision to grant permission to proceed *in forma pauperis* is discretionary. *Id.* at 1306-07. In determining whether to grant such relief, the Court must be satisfied that the requirement of poverty is established. *Id.* at 1307. In so doing, the Court compares "the applicant's assets and liabilities in order to determine whether he [or she] has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Circ.*, 574 Fed. App'x 916, 917 (11th Cir. 2014). Here, after a review of Plaintiff's Motion, it appears that Plaintiff satisfies the standard and cannot pay the filing fee (DE 3 at 1-3).

In addition, the Court must conduct an initial screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). As part of this screening, the Court must dismiss the case if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii).

In determining whether a complaint states a claim upon which relief may be granted, the Court follows the standards applied under Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). Therefore, a complaint must contain a "short and plain statement of the grounds for the court's jurisdiction," along with a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1-2). To make this showing, a plaintiff must provide "more than labels and conclusions," and the complaint must contain factual allegations that "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).

Although *pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), the Court has no duty to "re-write" a plaintiff's complaint to find a claim, *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993). Thus, when it appears that no construction of the factual allegations will support the cause of action, the Court should order dismissal of the complaint. *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

In this case, the complaint must be dismissed for two reasons: (A) failure to state a viable claim against Allstate, and (B) lack of sufficient allegations to show subject matter jurisdiction. The Court will address each in turn.

### A.     Failure to State a Claim

The complaint attempts to state a negligence claim against Allstate based on an automobile accident caused by one of its insureds, Stellatto.  Florida law does not allow injured car crash victims to sue a wrongdoer's insurance company directly for negligence.  Instead, the injured plaintiff must first sue the wrongdoer himself or himself.  The wrongdoer's insurance company (depending upon the policy) typically pays for lawyers to represent and defend the wrongdoer in court.  The insurance company typically also pays any judgment obtained by the plaintiff against the wrongdoer.  Since most car crashes involve citizens of the same state, the vast majority of these lawsuits take place in state court because complete diversity of citizenship cannot be satisfied for purposes of federal jurisdiction under 28 U.S.C. § 1332.

In limited circumstances, Florida law allows an injured plaintiff to sue the wrongdoer's insurance company directly, but only after the injured plaintiff first obtains a settlement or verdict against the wrongdoer.  Florida law provides:

> It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.

§ 627.4136(1), Fla. Stat.; *see also Morales v. Zenith Ins. Co.*, No. 12-11755, 2013 WL 1501654, *11 (11th Cir. Apr. 15, 2013) (noting that the Florida Legislature enacted § 627.4136 in "response" to case law applying the third-party beneficiary doctrine to claims brought by injured third parties to recover benefits under automobile liability policies); *Villas at Meadow Lakes Condo. v. U.S. Liab. Ins. Co.*, No. 12–61469–CIV, 2013 WL 424361 (S.D. Fla. Feb. 1, 2013) ("[A] cause of action against an insurance company by a party who is not its insured does not accrue until a settlement or verdict has been obtained.").

Here, the complaint fails to allege any facts that would allow Plaintiff to sue Allstate directly for the actions of Stellatto. Based on the complaint, Plaintiff has not yet obtained a settlement or verdict against Stellatto. Even after construing all allegations in Plaintiff's favor, and applying the standards appropriate for a *pro se* litigant, the complaint fails to state a claim upon which relief could be granted. *See Peterson v. United States Liab. Ins. Co.*, No. 6:21-CV-1486-WWB-EJK, 2022 WL 2317872, at *3 (M.D. Fla. Mar. 18, 2022), *report and recommendation adopted,* 6:21-CV-1486-WWB-EJK, 2022 WL 2317489 (M.D. Fla. Apr. 11, 2022) ("Courts routinely consider section 627.4136 during the motion to dismiss stage," and collecting cases) (cleaned up). The complaint should be dismissed on this basis.

B. **Subject Matter Jurisdiction**

Next, the complaint attempts to invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332, which requires complete diversity of citizenship and an amount in controversy over $75,000, exclusive of interests and costs. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The party invoking diversity jurisdiction must allege the citizenships of the parties at the time suit is filed. *See Rush v. CarMax Auto Superstores, Inc.*, No. 20-14719, 2021 WL 3418839, at *1 (11th Cir. Aug. 5, 2021).

Here, Plaintiff's allegations fail to support diversity jurisdiction. Although Plaintiff alleges she is a citizen of Florida (DE 1 ¶ 4), the complaint remains unclear as to Allstate. On the one hand, Plaintiff alleges Allstate's "principal office" is located in Illinois (DE 1 ¶ 2). On the other, Plaintiff alleges Allstate is "authorized to do business in the State of Florida" and that the company's "place of business is in Florida" (DE 1 ¶¶ 2, 4). When the party invoking the Court's jurisdiction fails to adequately do so, the complaint must be dismissed. *See Latite Roofing & Sheet Metal, LLC v. Am. Home Assurance Co.*, No. 22-CV-61578, 2022 WL

3656969, at *2 (S.D. Fla. Aug. 25, 2022) ("The Complaint fails to properly allege the parties' complete diversity of citizenship, meaning that the Court lacks sufficient information to satisfy the jurisdictional inquiry."). The complaint should be dismissed for this reason as well.

### III.  RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

Accordingly, the undersigned respectfully **RECOMMENDS** that Plaintiff's Application to Proceed *In Forma Pauperis* (DE 3) be **DENIED** and that the case be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge K. Michael Moore. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 12th day of September 2022.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE

cc:   Plaintiff, *pro se*.