UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:22-cv-14303-KMM

LOVEY LOVE,

    Petitioner,
v.

ALLSTATE INSURANCE COMPANY,

    Respondent.
_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon *pro se* Plaintiff Lovey Love's Application to Proceed *In Forma Pauperis* ("Motion") (ECF No. 3). The Court referred the matter to the Honorable Ryon M. McCabe, United States Magistrate Judge, who issued a Report and Recommendation recommending that the Motion be DENIED, and that Plaintiff's Complaint ("Complaint" or "Compl.") (ECF No. 1) be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B). ("R&R") (ECF No. 9). Plaintiff did not file objections and the time to do so has passed. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff brings this negligence action based on a December 24, 2020, automobile accident involving Plaintiff and another driver, Dawn K. Stellatto. Compl. ¶¶ 5–8. The Complaint does not name Stellato as a defendant in this case. Instead, the Complaint names Allstate Insurance Company ("Allstate"), who allegedly insured Stellato, as the sole defendant. Compl. ¶10.

Pursuant to § 1915(e), the court is permitted to dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. § 1915(e)(2)(B). A *pro se* litigant is entitled to the court's liberal construction of the complaint. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, even under the liberal construction afforded to *pro se* litigants, the complaint must establish a valid cause of action. *See Petersen v. Smith*, 762 F. App'x 585, 593 (11th Cir. 2019). Section 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, and courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Section 1915 represents a balance between "facilitating an indigent person's access to the courts and curbing the potentially vast number of suits by such persons, who, unlike those who must pay in order to litigate their claims, have no economic disincentives to filing frivolous or malicious suits once *in forma pauperis* status is granted." *Herrick v. Collins*, 914 F.2d 228, 229

(11th Cir. 1990) (citation omitted). Thus, § 1915 provides a court "not only the authority to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Factual allegations that are "fanciful," "fantastic" and "delusional" are considered clearly baseless. *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

As set forth in the R&R, Magistrate Judge McCabe finds that the Complaint must be dismissed because Plaintiff failed to state a viable claim against Allstate. R&R at 3. Specifically, Magistrate Judge McCabe finds that Plaintiff failed to state a claim against Allstate because, under Florida law, an injured plaintiff can sue the wrongdoer's insurance company directly only if the injured plaintiff first obtains a settlement or verdict against the wrongdoer. *Id*. at 4 (citing *Morales v. Zenith Ins. Co.*, 714 F.3d 1220 (11th Cir. 2013). Here, Plaintiff has not yet obtained a settlement or verdict against Stellato, and therefore the Complaint fails to allege any facts that would allow Plaintiff to sue Allstate directly for the actions of Stellato. This Court agrees.

Magistrate Judge McCabe also finds that the Complaint lacks sufficient allegations to show subject matter jurisdiction. R&R at 3. Here Plaintiff alleges subject matter jurisdiction based on diversity. *See* Compl. Where a party invoking the court's jurisdiction fails to adequately do so, the complaint must be dismissed. *Id*. at 5 (citing *Latite Roofing & Sheet Metal, LLC v. Am. Home Assurance Co*., No. 22 Civ. 61578, 2022 WL 3656969, at *2 (S.D. Fla. Aug. 25, 2022). Here, while Plaintiff alleges she is a citizen of Florida and Allstate's "principal office" is in Illinois, she also alleges that Allstate's "place of business is in Florida." Magistrate Judge McCabe finds that Plaintiff failed to allege diversity jurisdiction. R&R at 5. This Court agrees.

Accordingly, UPON CONSIDERATION of the Motion, the Complaint, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE and the Motion to Proceed *In Forma Pauperis* (ECF No. 3) is DENIED AS MOOT. The Clerk of the Court is instructed to CLOSE this case. All pending motions, if any, are denied as MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this  7th   day of October, 2022.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record